IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLOS IBARRA GARCIA,
    *Petitioner*,
v.

JOSEPH SIMON, *et al.*,
    *Respondents*.

1:25-cv-1663-MSN-LRV

ORDER

Petitioner Carlos Ibarra Garcia ("Petitioner") has filed a two-count Petition for Writ of Habeas Corpus, (the "Petition"), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). ECF 1. Petitioner is currently detained at Farmville Detention Facility ("CDF"), an immigration detention center within this Court's jurisdiction. In his Petition, he argues that the Department of Homeland Security's ("DHS") invocation of the automatic stay of his release pursuant to 8 C.F.R. § 1003.19(i)(2), after an Immigration Judge ("IJ") ordered him released on bond, violates the Immigration and Nationality Act ("INA") (Count I) and his right to due process (Count II).

This Court has already concluded in an analogous case that an individual's detention pursuant to the automatic stay regulation violated his right to substantive and procedural due process. *See Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF (E.D. Va. Sept. 30, 2025). This Court adopts its reasoning in *Quispe-Ardiles* and grants the Petition as to Count II.[1]

**I.    BACKGROUND**

Petitioner is a native and citizen of Mexico. ECF 5-1 ¶ 5. Petitioner entered the United States in 2009 and has lived here since that time. ECF 1 ¶ 45. On August 21, 2025, he was stopped while driving in Newport News, Virginia, by ICE Enforcement and Removal Operations ("ERO")

---

[1] Because the Court grants relief on due process grounds, it need not address Petitioner's claim regarding the INA.

agents, who arrested him and took him to Farmville Detention Center after determining that he had entered the United States without being admitted or paroled by an immigration officer. ECF 1 ¶ 46; ECF 5-1 ¶ 6. DHS then issued Petitioner a Notice to Appear charging him with being inadmissible to the United States and removable under 8 U.S.C. § 1182(a)(6)(A)(i). ECF 1 ¶ 47; ECF 5-1 ¶ 7. Petitioner moved for custody redetermination on August 22, 2025, and the IJ granted him a bond of $2,000 after a bond hearing on September 2, 2025. ECF 1 ¶ 50; ECF 5-1 ¶¶ 8, 9. The next day, ICE filed a form EOIR-43 (Notice of Intent to Appeal Custody Redetermination), which automatically stayed the IJ's bond determination pending appeal to the BIA. ECF 5-1 ¶ 10. Several days later, on September 5, 2025, the BIA issued its decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which ICE invoked in perfecting its appeal of Petitioner's bond on September 15, 2025. ECF 1 ¶ 51; ECF 5-1 ¶ 13. Petitioner currently remains in detention at Farmville. ECF 1 ¶ 52.

On October 3, 2025, Petitioner filed his Petition, naming Joseph Simon, the acting director of ICE ERO for the Washington Field Office; Kristi Noem, the DHS secretary; and Pamela Bondi, the Attorney General (collectively "Federal Respondents"). ECF 1. The Petition also names Jeff Crawford, the warden of Farmville Detention Center. *Id.* Federal Respondents have opposed the Petition. ECF 5.

## II.    ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to procedural due process. Respondents "recognize that several jurists of this Court have recently rejected . . . Respondents' arguments" that individuals in Petitioner's position are subject to

2

mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 5 at 2; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 5 at 2.

At bottom, Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 8–18. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order.

---

[2] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

*See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Turning to Petitioner's Fifth Amendment claim, the Court concludes that his detention under the automatic stay regulation violates his right to substantive due process. As in *Quispe-Ardiles*, "[a]ny interest that the federal respondents may have in securing [Petitioner's] presence at immigration proceedings has been accounted for by the IJ's imposition of bond." Slip op. at 16 (quoting *Hasan v. Crawford*, No. 1:25-cv-01408 (LMB/IDD), 2025 WL 2682255, at *10 (E.D. Va. Sept. 19, 2025)); *see also Leal-Hernandez v. Noem*, No. 1:25-CV-02428-JRR, 2025 WL 2430025, at *13 (D. Md. Aug. 24, 2025); (concluding that any flight risk concerns were accounted for by the IJ's imposition of a $10,000 bond on the petitioner's release); *Herrera v. Knight*, No. 2:22-cv-01366-RFB-DJA, 2025 WL 2581792, at *12 (D. Nev. Sept. 5, 2025) (finding that respondents had not articulated "*any* interest—let alone a compelling interest" to justify the petitioner's continued detention through the automatic stay regulation). The Federal Respondents also do not contend that Petitioner presents a safety or considerable flight risk. Instead, the automatic stay regulation has allowed DHS to unilaterally detain Petitioner, even after the IJ made individualized findings that his continued detention was unnecessary. *See Quispe-Ardiles*, slip op. at 17 (concluding same). This continued arbitrary detention violates Petitioner's right to substantive due process.

Petitioner's detention under the automatic stay regulation also violates his right to procedural due process. Petitioner has a substantial interest in release from physical detention, there is an acute risk that the automatic stay regulation will erroneously deprive him of liberty, additional safeguards such as a discretionary stay of release on bond would likely ameliorate that

4

risk, and the Court discerns no significant governmental interest in continuing to hold Petitioner without bond. *See Quispe-Ardiles*, slip op. at 17-20.

### III.  CONCLUSION

For the reasons stated above, the Petition will be GRANTED as to Count II, and it is hereby

ORDERED that Petitioner Carlos Ibarra Garcia be released from custody no later than 5:00 pm on October 28, 2025, with all his personal property, once he has posted the $2,000 bond set by the Immigration Judge; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or has received a final order of removal; and it is further

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of the Order and accompanying Memorandum Opinion to counsel of record, and close this civil action.

/s/<br>
Michael S. Nachmanoff<br>
United States District Judge

October 27, 2025
Alexandria, Virginia